## Jarosz *v.* Stoughton, Appellant.

*Negligence—Master and servant—Operation of dumb-waiter—Province of court and jury.*

In an action by a servant girl against her employer, a hotel keeper, to recover damages for personal injuries, the defendant's negligence, and the plaintiff's contributory negligence, are questions for the jury, where the testimony of the plaintiff, although to

some extent self-contradictory tended to show that while she was in the act of placing a bowl of hot soup upon a dumb-waiter the defendant pulled up the dumb-waiter quickly and without warning, and the soup was spilled upon and scalded her.

Argued April 14, 1916.    Appeal, No. 50, April T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1915, No. 1540, on verdict for plaintiff in case of Annie Jarosz v. A. K. Stoughton.    Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WIL-LIAMS, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before MILLER, J.

At the trial the jury returned a verdict for $525 for plaintiff.    On a motion for judgment for defendant n. o. v.    MILLER, J., filed the following opinion:

This is an action brought by plaintiff, a servant girl who was in the employ of the defendant, the proprietor of a hotel, to recover damages from him for an injury alleged to have been received by her through his negligence in pulling up a dumb-waiter upon which she was placing, or had placed, a bowl of hot soup, causing the same to spill upon and scald her.

The jury rendered a verdict in favor of the plaintiff. The defendant made a motion for a new trial, alleging that the verdict was against the weight of the evidence, and also a motion for judgment in his favor non obstante veredicto, upon the ground that the evidence shows that the plaintiff was guilty of contributory negligence and that the court should have affirmed his point for binding instructions.

The material part of the evidence of the plaintiff as to how the accident occurred, and upon which defendant bases his motion for judgment non obstante veredicto, is as follows (direct examination, page 5) : "And as you got the soup and came back to the waiter did you get it fully onto the waiter?    A. About half way the dish was, when the soup was about half way.    Q. What happened

at that time?   A. I was holding it on that way, on the outside side, on the outer side, and then he pulled the dumb waiter.   Q. Who do you mean by "he," Mr. Stoughton?   A. Yes, sir.   Q. And when he did that, Annie, what became of the soup?   A. Everything went on my face and my chest, my front.   (Cross-examination, pages 12 and 13) :   Q. Did you know that before using the dumb-waiter you are to use the whistle?   A. I don't know how to use that whistle and I always holler upstairs.   Q. Did you holler this day?   A. I didn't have no time to holler upstairs because I put the soup on the dumb waiter, when the waiter it pulled up.   Q. Did you holler before the soup was put on?   A. I did.   Q. What did you holler?   A. Yes, I told him to pull it up.   Q. You told him to pull it up?   A. Yes.   Q. And then put the soup on and they pulled it up?   A. Just as I put the soup there why Mr. Stoughton pulled the dumb-waiter upstairs.   Q. That is not an answer to my question.   (Question read as follows) :   And then put the soup on and they pulled it up?   A. Yes, they did and they done it very quickly.   Q. Did you call to pull it up before you put the soup on?   A. I did."

In the brief of defendant's counsel, filed in support of his motion, he states that from the testimony of the plaintiff, "it is plain that defendant did not pull up the dumbwaiter until he was told to do so by the plaintiff.   She says in her testimony, and it is uncontradicted and consistent, that she told the defendant to pull up the dumbwaiter before she fully got the bowl of soup on it."   We cannot agree with counsel for defendant.   From some portions of the testimony of the plaintiff the above conclusion could be drawn but from other portions it could also be found that while she was in the act of putting the soup upon the dumb-waiter the defendant pulled it up quickly without warning.   The testimony of the plaintiff was contradictory and conflicting, so that it was clearly for the determination of the jury, and the court should not say as a matter of law that the plaintiff was

guilty of contributory negligence: Ely v. Railway, 158
Pa. 233. It must also be borne in mind that the plaintiff
was a young, uneducated foreign girl and gave her testi-
mony through an interpreter. There was sufficient evi-
dence from which the jury could find the verdict ren-
dered by them, and we feel that the same was found un-
der proper instructions as to the different matters sub-
mitted for their determination.

For the reasons stated the motions of defendant for
judgment non obstante veredicto and for a new trial
must be refused.

*Error assigned* was in refusing judgment for defend-
ant n. o. v.

*James A. Wakefield,* for appellant.

*R. A. Hitchens,* with him *Thos. M. & Rody P. Marshall,*
for appellee.

OPINION BY ORLADY, P. J., July 18, 1916:

On the trial of this case, the defendant urged that he
was entitled to binding instructions for two reasons—
first, the negligent operation of the dumb-waiter in his
restaurant was not due to his act, and—second, that the
contributory negligence of the plaintiff was the proxi-
mate cause of the accident. The request for binding in-
structions was overruled and the disputed facts were
submitted to the jury in a charge so fair and adequate
that no exception was taken thereto. On this appeal,
the sole assignment relates to the refusal by the court to
enter judgment non obstante veredicto. A careful ex-
amination of the whole record, convinces us that it was
a proper case for the determination of a jury, and having
been twice tried, there is no such reversible error as war-
rants another trial.

The judgment is affirmed.